LUTEN v. BEARCE et al.

(Circuit Court of Appeals, First Circuit. December 10, 1915.)

No. 1134.

PATENTS ⬦⟶218—PREMATURE COMMENCEMENT.

The time for payment of a royalty for use of a patented construction in the building of a bridge *held* to have been extended until completion of the bridge rendering an action for nonpayment brought before that time premature.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 330–338; Dec. Dig. ⬦⟶218.]

Appeal from the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Suit in equity by Daniel B. Luten against George B. Bearce and another. Decree for defendants, and complainant appeals. Affirmed.

For opinion below, see 219 Fed. 237.

Frank H. Drury, of Chicago, Ill., for appellant.

Frank A. Morey, of Lewiston, Me. (McGillicuddy & Morey, of Lewiston, Me., on the brief), for appellees.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge. This case was appealed from the District Court for the District of Maine. The proceeding was a bill in equity alleging the infringement of certain patents owned by the complainant and being used in the construction of a highway bridge between the towns of Foxcroft and Dover, in the state of Maine. The respondents below, namely, Bearce and Clifford, were the contractors for the construction of the bridge, and their dealings were with the complainant, Luten, who is also president of the National Bridge Company, which owns the patents in question. The defense in substance was that the respondents, Bearce and Clifford, were the contractors who were constructing the bridge, and that they made a contract with the towns for the entire bridge, including the right to make use of the patents referred to in such construction, so that, if anything was due on account of the use of the patents, it was in the way of a license fee or royalty therefor. This cannot be sued for by a bill in equity alleging infringement. The substance of the conclusion of the learned judge of the District Court is found at pages 203 and 204 of the record as follows:

"In the case at bar there is no denial of the validity of complainant's patents, nor of his right to the monopoly which they give him. The conduct of the parties, as shown by the evidence, discloses the intention of all concerned in the transaction that the patents should be used by the defendants until the bridge was fully constructed. The time of final payment of the amount due by the defendants had clearly been extended until the bridge had been fully constructed, and the terms of the contract had been carried out. The complainant had clearly acquiesced in the acts of the Bridge Company in extending the time of final payment. There is no more reason for allowing him to ignore the terms of the contract, and the rights acquired under it, than

⬦⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

there is for allowing the Bridge Company itself to ignore those conditions. The evidence in the case shows that the complainant has waived his rights to invoke the provision of the contract negativing the acquirement of a license by any act of the company or its agents until the full amount had been paid to the Bridge Company. It is evident that all the parties understood that the defendants should have the use of the patents until the bridge should be built. After a careful consideration of all the testimony, I find that, at the time this bill was brought, the complainant had no right to treat the defendants as infringers of the patents in suit."

This concluding sentence covers this entire case. The bill is an ordinary bill alleging infringement without authority, while the case shows that whatever was done in the construction of the bridge was by authority, with the reservation that payment should be made by a percentage of the cost of the work when the work was completed. The work has been going on and is practically completed, but the bridge has not yet been accepted, so that the compensation for the use of the patent rights is not yet payable, apparently. At any rate, as the bill is framed, without joining the two towns, which are entitled to the direct benefit of the bridge when completed, if the bill is sustained, the towns remain practically subject to injunction without being united so that their rights can be heard and determined. Especially for this reason, as well as for general reasons which are so apparent that they need not be stated at length, this litigation has developed entirely aside from the pleadings, and the learned judge was therefore right in the final expressions which we have cited from his opinion, and we need not go any further with the case, but leave it to the field of a suit at common law between the owners of the patents and the constructors, which is where it seems to belong.

The judgment of the District Court is affirmed, and the appellees recover their costs of appeal.